UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRIAN RECORD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:04-CV-433-TS |
| ) | |
| CECIL DAVIS, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

*Pro se* Petitioner, Brian Record, an inmate at the Indiana State Prison in Michigan City, Indiana, was charged with battery. Record has petitioned for relief under 28 U.S.C. § 2254. The Motion to Dismiss [DE 8] filed on behalf of the Respondent by the Attorney General of Indiana demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). In its Motion to Dismiss, the Attorney General of Indiana has submitted the administrative record including documents designated A through F, which set out the underlying procedures in this conduct adjustment board (CAB) proceeding. The Petitioner did not file a response to the Respondent's Motion or file a traverse.

**RELEVANT FACTS**

On September 7, 2001, Officer Plummer saw the Petitioner, Brian Record, head butt another inmate. Officer Plummer prepared a conduct report charging Record with committing a battery upon a person without a weapon or inflicting serious injury, a Class B offense. (Exhibit A.) On September 10, 2001, Record was notified of the charges against him. At the screening, Record did not request a lay advocate, but listed several witnesses.

The CAB hearing was held on September 12, 2001. The CAB found Record guilty of the charge. (Exhibit E.) Record's finding of guilt was based on the staff reports. The CAB noted that it had all but two of the requested witness statements because those two were unidentifiable. The sanction imposed was a written reprimand, two months loss of phone privileges, 90 day earned credit time loss, and a demotion in credit class. The finding of guilt and the sanctions were upheld by the facility head. Record did not appeal the CAB's finding to the final reviewing authority.

## DISCUSSION

The Respondent argues that Record is not entitled to a writ of habeas corpus because he failed to appeal to the final reviewing authority. Record did not file a traverse and therefore does not dispute that he did not appeal. There is no record that the final appeal was ever filed. Under *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992) and *Ping v. McBride*, 888 F. Supp. 917 (N.D. Ind. 1993), as a prerequisite to seeking relief under § 2254, all available state remedies must be exhausted. Because Record failed to do so in a timely manner, he has procedurally defaulted his claims in this Court.

## CONCLUSION

For the foregoing reasons, the Respondent's Motion to Dismiss [DE 8] is **GRANTED** and Record's Petition for relief under 28 U.S.C. § 2254 is **DENIED.**

SO ORDERED on August 11, 2005.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT